FILED

MAY 29 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT H. GRUNDSTEIN, Esquire, | No. 12-35697 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00283-MJP |
| v. | |
| WASHINGTON STATE; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief Judge, Presiding

Submitted May 13, 2014[**]

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

Robert H. Grundstein, a disbarred Washington attorney, appeals pro se from

the district court's judgment dismissing his 42 U.S.C § 1983 action arising from a

prior state court action concerning his deceased mother's estate. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Canatella v. California*,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

304 F.3d 843, 852 (9th Cir. 2002) (dismissal for lack of standing); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (dismissal under *Rooker-Feldman* doctrine). We affirm.

The district court properly dismissed for lack of standing Grundstein's general challenge to the constitutionality of the state court rule regarding unpublished opinions. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (constitutional standing requires an "injury in fact," causation, and redressability); *Canatella*, 304 F.3d at 852 ("In the particular context of injunctive and declaratory relief, a plaintiff must show that he has suffered or is threatened with a concrete and particularized legal harm, . . . coupled with a sufficient likelihood that he will again be wronged in a similar way." (citations and internal quotation marks omitted)).

To the extent that Grundstein also challenges the state court judgment, and the constitutionality of the state court rule regarding unpublished opinions as applied in that action, the district court properly dismissed under the *Rooker-Feldman* doctrine because those claims amount to a forbidden "de facto appeal" of

a state court judgment and raise constitutional claims that are "inextricably intertwined" with that state court judgment. *Noel*, 341 F.3d at 1158.

**AFFIRMED**.